## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2018, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Vincent L. Scott
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Deshawn Hutcherson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 10, 2018

Court of Appeals Case No.
29A02-1708-CR-1970

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-0909-FB-95

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Deshawn Hutcherson appeals the revocation of his placement in community corrections. In doing so, Hutcherson contends he was deprived of the opportunity to present mitigating evidence to show that revocation of his placement was not warranted. Because the record reveals that the trial court conducted a hearing during which Hutcherson was given the opportunity to present such evidence, we affirm.

# Facts and Procedural History

[2] On July 7, 2010, Hutcherson pled guilty under Cause Number 29D01-0909-FB-95 ("Cause No. FB-95") to Class B felony burglary. Hutcherson was also found to be a habitual offender. He was sentenced to an aggregate term of sixteen years with fourteen years executed in the Department of Correction ("DOC") and two years served in community corrections. Hutcherson began serving the community corrections portion of his sentence on or about February 4, 2016.

[3] On March 15, 2016, Hutcherson was alleged to have violated the terms of his placement in community corrections (his "placement") by committing a criminal act which resulted in him being charged with Class B misdemeanor possession of a synthetic drug. The trial court subsequently found that Hutcherson had violated the terms of his placement. As a result of this violation, Hutcherson was deprived of 180 days of good-time credit.

[4]     In June of 2016, the terms of Hutcherson's placement permitted him to leave the facility for approved employment. On June 9, 2016, Hutcherson was approved to leave the facility for work at 4:15 p.m. He was scheduled to return the facility by 1:15 a.m. the next morning. Hutcherson, however, failed to return as scheduled. Subsequent attempts to contact Hutcherson were unsuccessful. He was eventually located by police on July 19, 2016.

[5]     Following Hutcherson's failure to return to the community corrections facility, he was again alleged to have violated the terms of his placement. He was also charged under Cause Number 29D01-1606-F6-4508 ("Cause No. F6-4508") with Level 6 felony failure to return to lawful detention. Hutcherson admitted to the violation in Cause No. FB-95 on January 12, 2017. The trial court found "that the Defendant has violated the terms and conditions of Community Corrections as set forth in his admission. We'll go ahead and at this point take disposition under advisement and we will proceed on that on the same day as sentencing under [Cause No. F6-4508]." Tr. Vol. II, pp. 34–35.

[6]     Hutcherson initially pled guilty under Cause No. F6-4508. His guilty plea was subsequently set aside, however, due to a disagreement regarding credit time. In setting aside Hutcherson's guilty plea under Cause No. F6-4508, the trial court stated the following:

> So at this point the Defendant is asking for the trial concerning these matters, so the Court will at this point then vacate the plea negotiations and will proceed to set that matter for trial. And then we'll set disposition upon [Cause No. FB-95] upon determination of guilt or innocence in [Cause No. F6-4508].

Tr. Vol. II, pp. 48–49. Hutcherson was found guilty under Cause No. F6-4508 following trial.

[7] Hutcherson appeared before the trial court on June 29, 2017, for a joint sentencing and disposition hearing in Cause Nos. F6-4508 and FB-95. The trial court incorporated the record of "the proceedings under [Cause No. F6-4508]" and found that Hutcherson "has violated the terms and conditions of his commitment to Community Corrections." Tr. Vol. II, p. 118. During this hearing, defense counsel was given the opportunity to present evidence to the trial court, but did not do so. At the conclusion of the hearing, the trial court revoked Hutcherson's placement and ordered that the remainder of his suspended sentence be served in the DOC. This appeal follows.

# Discussion and Decision

[8] Hutcherson argues on appeal that the trial court erroneously failed to conduct a hearing on the revocation of his placement during which he would have had the opportunity to present mitigating evidence to show that revocation of his placement was not warranted. The record, however, indicates otherwise.

[9] "The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation." *McQueen v. State*, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007).

> Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, the Due Process Clause of the Fourteenth Amendment does impose procedural

and substantive limits on the revocation of the conditional liberty created by probation. The minimum requirements of due process that inure to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body.

*Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (internal citations, quotation, and brackets omitted).

[10] Revocation is a two-step process. *Id*. "First, the court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. "If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Id*. When an individual admits to the violations, an evidentiary hearing is unnecessary. *Id*. "Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Id*. "However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Id*.

[11] In this case, Hutcherson admitted to the violation of the terms of his placement. The trial court accepted his admission. It also found that the evidence presented in the trial for the related Cause No. F6-4508 proved that he violated the terms of his placement by failing to return to the placement facility. The trial court gave Hutcherson the opportunity to present mitigating evidence during the joint sentencing and disposition hearing in Cause Nos. F6-4508 and

FB-95. It is not the fault of the trial court that defense counsel apparently chose not to present any such evidence. Hutcherson's claim that the trial court did not provide him with the opportunity to present mitigating evidence is without merit.

[12] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.